UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAULINA C.,<br><br>                    Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security<br><br>                    Defendant. | NO. 1:22-CV-0243-TOR<br><br>ORDER AFFIRMING<br>COMMISSIONER'S DENIAL OF<br>BENEFITS UNDER TITLES II & XVI<br>OF THE SOCIAL SECURITY ACT |

BEFORE THE COURT is Plaintiff's motion for judicial review of Defendant's denial of her applications for Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income ("SSI") benefits (ECF No. 19). The matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the completed briefing and is fully informed.  For the reasons discussed below, the Commissioner's denial of Plaintiff's application for benefits under Title II and Title XVI of the Social Security Act is GRANTED.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 1

# JURISDICTION

The Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id*. (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

1    ALJ's decision on account of an error that is harmless." *Id.* An error is harmless

2    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

3    *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's

4    decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

5    *Sanders*, 556 U.S. 396, 409-10 (2009).

6    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

7    A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act. First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10    physical or mental impairment which can be expected to result in death or which

11    has lasted or can be expected to last for a continuous period of not less than twelve

12    months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

13    impairment must be "of such severity that [he or she] is not only unable to do [his

14    or her] previous work[,] but cannot, considering [his or her] age, education, and

15    work experience, engage in any other kind of substantial gainful work which exists

16    in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

17    The Commissioner has established a five-step sequential analysis to

18    determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

19    404.152(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

20    considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a0(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Substantial work activity is "activity that involves doing significant physical or mental activities," even if performed on a part -time basis.  20 C.F.R. § 404.1572(a).  "Gainful work activity" is work performed "for pay or profit," or "the kind of work usually done for pay or profit, whether or not a profit is realized."  20 C.F.R. § 404.1572(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 416.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id*.

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of

enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity" ("RFC") before awarding benefits.  RFC is generally defined as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), and is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the RFC, the claimant is capable of performing work that he or she has performed in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),  416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f),  416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Work in the national economy "means work which exists in significant numbers either in the region where [the] individual lives or in several regions of the country."  42 U.S.C § 423(d)(2)(A).

The Commissioner can meet this burden by soliciting the impartial testimony of a vocational expert ("VE"). *White v. Kijakazi*, 44 F.4th 828, 833-34 (9th Cir. 2022). In making this determination, the Commissioner must also consider factors such as the claimant's age, education and work experience. *Id*. If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id*.

The claimant bears the burden of proof at steps one through four above, and a claimant who meets the first four steps has established a prima facie case of disability and entitlement to benefits. *White*, 44 F.4th at 833 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1550(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction ("DAA"), the ALJ

must determine whether the DAA is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a).  In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.  20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  If the remaining limitations would not be disabling, DAA is a contributing factor material to the determination of disability.  20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).  If the remaining limitations would be disabling, the claimant is disabled independent of the drug or alcohol addiction and the addiction is not a contributing factor material to disability.  20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).  The claimant has the burden of showing that DAA is not a contributing factor material to disability.  *Parra*, 481 F.3d at 748.

## ALJ's FINDINGS

On January 15, 2020, Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental income benefits, alleging an onset date of June 1, 2015.  Administrative Transcript ("Tr.") ECF No. 9-2 at 116.  Plaintiff had previously been insured under Title II, with a last insured date of December 31, 2019.  Tr. 116.  Plaintiff generally alleged that she was disabled due to her bipolar disorder type, anxiety, panic disorder, methamphetamine use disorder, heroin use

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 7

disorder, difficulty concentrating and processing information, and depressive

disorder.  Tr. 118-19.  The applications were initially denied on March 21, 2020,

and on reconsideration on July 17, 2020.  Tr. 116.  By mutual agreement,

Administrative Law Judge ("ALJ") conducted a telephonic hearing on July 14,

2021, with a vocational expert.  Tr. 116.  The ALJ then denied Plaintiff's claim on

September 1, 2021.  *See generally* Tr. 118-33.  Plaintiff's claim was denied on

appeal on August 29, 2022. Tr. 2.

The ALJ determined that Plaintiff met the insured status requirements of the

Social Security Act through December 31, 2021.  Tr. 118.  At step one, the ALJ

found that Plaintiff has not engaged in substantial gainful employment activity

since June 1, 2015, the date of onset.  Tr. 118.  At step two, the ALJ found that

Plaintiff had the following severe impairments: bipolar disorder type, social

phobia, panic disorder, agoraphobia, methamphetamine use disorder, heroin use

disorder, depressive disorder, and generalized anxiety disorder.  Tr. 118.  At step

three, the ALJ found Plaintiff did not have a physical or mental impairment or

combination of those impairments which met or medically equaled the severity of

a listed impairment.  Tr. 119.  The ALJ further found that Plaintiff had the RFC to

perform light to medium work with the following limitations:

> She can lift and carry 50 pounds occasionally and 25 pounds
> frequently. She can sit, stand, or walk about 6 hours each in an 8-hour
> workday. She can push and pull what she can lift and carry. The
> claimant can understand, remember, and carry out rote or routine

instructions that require the exercise of little independent judgment or decision-making, but cannot do so for complex instructions. She can maintain concentration, persistence, and pace sufficient for work with a variable pace or end-of-day production goals, but not for fast-paced work such as work at a moving conveyor belt. She can deal with changes in a routine work setting. She can occasionally interact supervisors and coworkers, or the public. Her job duties should primarily involve working with things rather than people.

Tr. 121.

As part of this step, the ALJ included in evaluation, Plaintiff's history of substance abuse, and was considered a contributing factor in severe impairments.  Tr. 119.  The ALJ determined that impairments found limit the Plaintiff's ability to perform basic work functions.  Tr. 119.  However, the ALJ found that Plaintiff's urinary tract infection, urticaria, obesity, migraines, and hypothyroidism more than minimally affect the claimant's ability to perform basic work functions.  Tr. 119.

At step four, the ALJ determined that Plaintiff could not perform any of her past relevant work as a dental assistant or a doctor office receptionist. Tr. 131.  At step five, the ALJ found that Plaintiff could perform a significant number of jobs:

1. Cleaner, industrial, DOT 381.687-018, a medium occupation with 58,000 jobs nationally.

2. Laborer, salvage, DOT 929.687-022, medium occupation with 44,000 nationally.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 9

3. Garment sorter, DOT 222.687-014, a light occupation with 45,000 jobs nationally.

Tr. 131.

The ALJ determined that Plaintiff is not disabled and ultimately closed the case.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits under Title II and supplemental security income benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues on review:

A) Whether the ALJ Articulated Legally Sufficient Reasons Not to Adopt Dr. Wheeler and Dr. Vanfossen's Findings in Whole;

B) Whether the ALJ Failed to Evaluate DAA Using the Required Two Step Process; and

C) Whether the ALJ Articulated Legally Sufficient Reasons to Reject Plaintiff's Subjective Claims.

ECF No. 19 at 1-2.

## DISCUSSION

**A.  Dr. Wheeler's and Dr. Vanfossen's Findings**

Plaintiff contends that the ALJ did not give legally sufficient support in

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 10

declining to credit Dr. Wheeler's assessment and not distinguishing it from other medical opinions concerning the Plaintiff's well-being.  ECF No. 19 at 9.  Further, Plaintiff argues that the ALJ did not give adequate reasons not to adopt Dr. VanFossen's assessment of Plaintiff's abilities as related to her ability to complete ordinary workdays and workweeks.  ECF No. 19 at 14.

For claims filed on or after March 27, 201, the regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinions(s) . . ." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b).

Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  These factors are defined as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 11

medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2). These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id*.

### 1. Dr. Wheeler

Dr. Wheeler examined Plaintiff in December 2019. ECF No. 9-7 at 37. In her psychological findings, Dr. Wheeler determined that Plaintiff had mild or moderate limitations in 11 out of 13 work related abilities, and two marked limitations. ECF No. 9-7 at 39. Plaintiff argues that the ALJ did not give a legally sufficient reason in rejecting Dr. Wheeler's assessment of the Plaintiff, because the

1  decision was not specific nor did the decision evaluate the medical opinion for

2  supportability and consistency.  ECF No. 19 at 9.  Additionally, Plaintiff contends

3  that the ALJ did not consider Dr. Wheeler's support for her findings, including a

4  prior psychological evaluation, and her own interview and mental health findings.

5  ECF No. 19 at 10.  In its response, Defendant argues that the ALJ did not adopt Dr.

6  Wheeler's findings because they were not supported by "sufficient documentation

7  of evidence" or "clear articulation for the basis of the opinion."  ECF No. 28 at 4.

8  Further, the Defendant argues that, to the extent that Dr. Wheeler found that the

9  Plaintiff is able to conduct work that is limited to "setting realistic goals and

10  planning independently" fits within the ALJ's order that Plaintiff is limited to "rote

11  or routine instructions that require the exercise of little independent judgement."

12  The ALJ need not "give any specific evidentiary weight" to any medical

13  opinions, but rather must consider factors in evaluating medical opinions,

14  including supportability and consistency.  *Revisions to Rules*, 2017 WL 168819, 82

15  Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 404.1520c(c)(1)-(5).

16  Here, the ALJ determined that, taken in concert with the rest of the record, the

17  medical examination done by Dr. Wheeler is not consistent with the level of

18  impairment demonstrated.  Tr. 130 ("In the December 11, 2019, psychological

19  evaluation by the Department of Social and Health Services, indicated the claimant

20  had marked limitations in ability to complete a normal workday and workweek and

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 13

1  in setting realistic goals and planning independently.  The claimant's overall

2  severity of impairments was rated at a marked level (Exhibit 4F 4)").  Dr. Wheeler

3  found that Plaintiff had a mild or moderate limitation with respect to 11 work

4  activities during the workweek, and a marked in two areas: "complete a normal

5  work day and work week without interruptions from psychologically based

6  symptoms," and "set realistic goals and plan independently."  ECF No. 9-7 at 39.

7  A severity of "marked" means a very significant limitation on the ability to

8  perform the activity.  ECF No. 9-7 at 39.

9       The ALJ found a moderate limitation in Plaintiff's ability to perform work

10  due to mental health and substance abuse impairments, which is consistent with

11  Dr. Wheeler's assessment.  Tr. 131.  Finally, the ALJ determined that Dr.

12  Wheeler's assessment was one which was not supported by sufficient

13  documentation of evidence, clear articulation for the basis of the opinions, and

14  with findings consistent with other objective medical evidence of record.  Tr. 130.

15  This finding by the ALJ is supported by the fact that the assessment made by Dr.

16  Wheeler was a one-time visit, and Dr. Wheeler found that perception, insight, and

17  judgment were "fine or okay," but subject to change with drug use.  ECF No. 9-7

18  at 40.

19       When taken as a whole, the ALJ did not improperly weigh and incorporate

20  Dr. Wheeler's opinion.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 14

1

*2. Dr. VanFossen*

2

Plaintiff's records were evaluated by Dr. VanFossen on December 12, 2019.

3

ECF No. 9-7 at 432.  Dr. VanFossen found that Plaintiff was unable to complete

4

normal workday and workweek tasks without interruption from psychologically

5

based symptoms, and that such symptoms would persist outside the use of drugs

6

and alcohol.  Plaintiff contends that the ALJ did not incorporate Dr. VanFossen's

7

opinion and thus erred by not by leaving it unrejected.  ECF No. 19 at 15.

8

Defendant argues that Dr. VanFossen's opinion is largely the same as Dr.

9

Wheeler's, and therefore its exclusion from the record is harmless error.  ECF No.

10

28 at 8.

11

Dr. VanFossen did make a similar finding to Dr. Wheeler, noting that the

12

Plaintiff had a mild or moderate limitation in 11 categories and two marked

13

limitations in the categories of "complete a normal workday and workweek

14

without interruptions from psychologically based symptoms" and "set realistic

15

goals plan independently." ECF No.9-7 at 433.  From his records review, he

16

diagnosed Plaintiff with Bipolar I Disorder, Generalized Anxiety Disorder, and

17

Substance Use Disorder.  ECF No. 9-7 at 434.  However, Dr. VanFossen's

18

evaluation of the Plaintiff and findings do not appear in the ALJ's decision.

19

The ALJ did in fact consider Dr. Vanfossen's evaluation and found it

20

unpersuasive.  ECF No. 9-2 at 130.  In making a determination, the ALJ must

consider and articulate how persuasive each medical opinion is in his decision. 20 C.F.R. § 404.1520c(c)(1)–(5). In this matter, the ALJ determined that assessment of functioning score ("GAF") findings "lack longitudinal context" and "are only a snapshot about symptom severity." Tr. 130. Likewise, according to the ALJ, Dr. VanFossen's assessment (Exhibit 15F) only supports a moderate limitation, consistent with the record, and thus does not lend any persuasive rating to Plaintiff's claim. *Id.* In articulating the reason for giving no additional weight to Dr. VanFossen's assessment, the ALJ's decision within the purview of 20 C.F.R. § 404.1520c(c)(1)–(5), and thus was not in error.

**B. DAA Evaluation in a Two-Step Process**

In determining whether DAA is a material factor contributing to the disability, the ALJ must engage in a two-step process. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). First, the ALJ evaluates whether the Plaintiff's impairments are disabling, including the use of drugs or alcohol, then second determine whether absent the drugs or alcohol, all of the remaining limitations would be disabling. *Id.*

Plaintiff argues that the ALJ's finding of DAA in relation to impairment is in error because the ALJ did not properly work through the two-step process. ECF No. 19 at 15. Defendant maintains that the ALJ did not err in process, but rather found Plaintiff not disabled at step one, including her substance abuse. ECF No.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 16

28 at 11.  Social Security claimants may not receive benefits where drug addiction and alcoholism are material contributing factors to disability.  See 20 C.F.R. §§ 404.1535(b), 416.935(b); 42 U.S.C. § 423(d)(2)(c).  DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol.  20 C.F.R. §§ 404.1535(b), 416.935(b).  Plaintiff has the burden of showing that drug and alcohol addiction is not a contributing factor material to disability.  *Parra,* F.3d at 748.

Here, the Court finds that the ALJ did not error in the process because even including the substance abuse, the ALJ reasonably found that the Plaintiff was not disabled at the first analysis.  Accordingly, there was no reason to work through a second analysis excluding Plaintiff's substance abuse.  In support of his decision, the ALJ cited, in part, the following evidence:

> There is evidence that the claimant's sporadic substance abuse exacerbated symptoms, resulting in a period of hallucinations, paranoia, and caused some anxiety. The claimant testified that her anxiety and hallucinations improved after she stopped using drugs with only some sporadic symptoms.

Tr. 128.

> Outside of the claimant's exacerbation of symptoms related to stress and substance abuse, the record indicated that therapy and medications were fairly effective in managing symptoms. She complained of exacerbation of symptoms in August 2013 related to broken engagement and job loss and then improvement with medications. Earnings records indicates she continue to work into 2015. She complained of exacerbation of symptoms after she moved to Nashville and quickly reported doing better with therapy

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 17

medications and back to baseline. The claimant was described as stable before the end of 2015. There were no significant complaints or treatment in 2016 and complaints of bipolar symptoms related to her methamphetamine use in early 2017.

Tr. 128

The alleged severity and duration of claimant's symptoms and limitations are inconsistent with the treatment history and the objective evidence. Overall, the signs and findings upon objective examination and the claimant's activities do not reflect the degree of limitation as alleged by the claimant for the period at issue. The record does not support that the claimant's mental health impairments cause more than moderate limitations. There is evidence that the claimant's sporadic substance abuse exacerbated symptoms, resulting in a period of hallucinations, paranoia, and caused some anxiety. The claimant testified that her anxiety and hallucinations improved after she stopped using drugs with only some sporadic symptoms.

Tr. 128.

The ALJ also discussed Plaintiff's improvement via therapy and medication throughout 2018-2019. Tr. 128. The ALJ noted that, outside of methamphetamine relapses, Plaintiff had been "looking for work, active at PAWS, worked out, enjoyed exploring at the beach, and said she was going to meetings and clubs." Tr. at 128. In late 2019, the claimant said the delusions and hallucinations had subsided and her mood had stabilized except for some anxiety. Tr. 128.

The Plaintiff testified before the ALJ that her symptoms had improved, and she had stopped her sporadic use of methamphetamine. Tr.

129.  Based on the evidence presented in the ALJ's decision, the ALJ did not err in finding that the Plaintiff was not totally disabled at a first pass through, even considering past substance abuse.

**C. ALJ Articulation of Rejection of Plaintiff's Subjective Claims**

Plaintiff argues that the ALJ did not support the rejection of her testimony with sufficient details.  ECF No. 19 at 17.  Plaintiff asserts that, absent evidence of malingering, the ALJ is required to provide analysis to reject Plaintiff's substantive claims.  ECF No. 19 at 17.  Defendant contends that ALJ properly weighed Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms because such statements were inconsistent with the record.  ECF No. 28 at 11.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the

symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

### 1. Evidence of Malingering

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. *See generally* Tr. 119. The ALJ made no finding of malingering, and neither Plaintiff nor Defendant raises the issue.

### 2. Specific, Clear, and Convincing Evidence

Under the second prong of the test, the ALJ identified specific, clear, and convincing evidence which supplied an appropriate basis upon which to reject Plaintiff's alleged symptoms.

The ALJ found that, based on the complete record, Plaintiff's claim of disability was not supported. Tr. 127. The ALJ noted the record reflects that Plaintiff's symptoms are well managed by medication, her activity level does not

support the level of impairment she alleges, and that her symptomology of hallucinations and delusions subside when she abstains from drug use.  Tr. 128.

Regarding treatment for mental impairments, the ALJ noted that there has been no major change to her medication, and she recently resumed counseling.  Tr. 129.  Additionally, the ALJ found that evidence in the record supports a finding of moderate impairment because Plaintiff's medical history indicates that she requires a moderate working pace and should search for work that involves things rather than people.  Tr. 15.

Regarding activity level, the ALJ found that Plaintiff's impairments were not consistent with the record given the variety of outings and pursuits she had undertaken.  Plaintiff contends that the ALJ did not fully develop this argument and did not support the finding that Plaintiff needed assistance with daily tasks such as taking medication and performing chores.  However, the ALJ found "[t]he claimant has a history of volunteering and reported she cleaned, mopped, swept, and cared and fed for animals at PAWS.  There are several reports in the record the claimant was looking for work, applied for work, and offered a job but indicated she did not want work six days a week.  She made jewelry, windchimes, went to the beach, walked a dog for neighbors, and reported going on trips and going to many different meetings and activities."  Tr. 128.  The ALJ also noted that Plaintiff has gone to church, the movies with a friend, and Plaintiff's mother noted that she

goes for walks.  Tr. 119-20.  Plaintiff has driven places alone, joined a swim club, and remarried.  Tr. 1129-20.  The ALJ found no evidence in the record to suggest that Plaintiff needed prompting from her mother to do chores, laundry, and cooking as she now lives with her husband.  Tr. 128.  Given the record available, the Court finds that the ALJ was not in error in discounting Plaintiff's testimony as to their severity of her symptoms.

The Court finds that the ALJ's did not err in his determination of Plaintiff's testimony, with respect to the location, duration, frequency and intensity of the Plaintiff's mental health and other symptoms.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes that the ALJ's decision is supported by substantial evidence and free from harmful legal error.

//

//

//

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 19) is **DENIED**

2. Defendant's Response Brief (ECF No. 28) is **GRANTED**. The final

decision of the Commissioner is **AFFIRMED**.

The District Court Executive is directed to enter this Order and Judgment,

furnish copies to counsel, and **CLOSE** the file.

DATED October 10, 2023.



THOMAS O. RICE
United States District Judge

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 24